UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOMESTIC CONSTRUCTION, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A.<br><br>      Defendant/Third-Party<br>      Plaintiff,<br><br>  v.<br><br>IDEAL SERVICES, INC.,<br><br>      Third-Party Defendant/<br>      Fourth-Party Plaintiff,<br><br>  v.<br><br>KERMIT MILLS and JANE DOE MILLS, and the marital community comprised thereof,<br><br>      Fourth-Party Defendants. | CASE NO. C07-5357BHS<br><br>ORDER DENYING DEFENDANT KERMIT MILLS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANTING IDEAL SERVICES, INC.'S MOTION FOR LEAVE TO AMEND |

    This matter comes before the Court on Fourth-Party Defendant Kermit Mills' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 70), Third-Party Defendant/Fourth-Party Plaintiff Ideal Services, Inc.'s Motion to Strike (Dkt. 77), and Third-Party Defendant/Fourth-Party Plaintiff Ideal Services, Inc.'s Motion for Leave to Amend

ORDER – 1

Fourth-Party Complaint Against Kermit Mills (Dkt. 79).  The Court has considered the pleadings filed in support of and in opposition to the motion to dismiss and the remainder of the file and hereby denies Kermit Mills' motion for the reasons stated herein.  The Court further grants Ideal Services, Inc.'s motion to amend as no opposition has been filed to the motion, good cause has been shown, and no undue prejudice to the other parties will result.

## MOTION TO STRIKE

While the Court is cognizant of the arguments presented by Ideal Services, Inc. regarding the statements it attempts to strike, the Court is able to weigh the assertions submitted by Kermit Mills appropriately and therefore the motion to strike should be denied.

## MOTION TO DISMISS

It is Plaintiff's burden to establish a prima facie case of personal jurisdiction by alleging facts that, if true, would support jurisdiction. *Bancroft & Masters, Inv. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000).  When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of the jurisdictional facts to withstand the motion. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In order to make a prima facie showing, Plaintiff must allege facts which, if true, would be sufficient to establish personal jurisdiction. *Id.* If not directly controverted, Plaintiff's version of the facts is taken as true for purposes of the motion. *Id.* Conflicts between the facts stated in the parties' affidavits must be resolved in Plaintiff's favor during a prima facie jurisdictional analysis. *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002).

Where jurisdiction is not controlled by a federal question, the district court applies the law of the state in which the district court sits to determine whether the plaintiff has met its burden. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800  9th Cir. 2004).  In Washington, the long-arm statute is co-extensive with the outer limits of due

ORDER – 2

process. *Cognigen Networks, Inc. v. Cognigen Corp.*, 174 F. Supp. 2d 1134, 1137 (W.D. Wash. 2001).

In order to satisfy the Constitutional requirements of due process, Defendant must have at least minimum contacts with the relevant forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The law generally recognizes two varieties of personal jurisdiction: general and specific. *Amazon.Com, Inc. v. Kalaydjian*, 2001 WL 491752 *2 (W.D. Wash. 2001) (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)).

**1. General Jurisdiction**

For general jurisdiction to exist over a nonresident defendant, that defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state. *Schwarzenegger,* 37 F.3d at 801. Factors to be taken into consideration when determining whether a defendant is subject to general jurisdiction are whether defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

**2. Specific Jurisdiction**

The Ninth Circuit has established a three-pronged test for analyzing a claim of specific jurisdiction: (1) the non-resident must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Doe*, 248 F.3d at 923.

ORDER – 3

The Court finds from the record before it that Ideal Services, Inc. has made a prima facia showing of continuous and systematic contacts by Kermit Mills with the State of Washington. Kermit Mills maintained a personal bank account in Washington State (Dkt. 70-4 at 2); Domestic Construction, LLC maintained a business office in Washington State (*Id.*); Kermit Mills listed his place of employment as Ideal Services, Inc., a Washington State corporation, and was paid by Ideal Services, Inc. throughout 2005 (Dkt. 78 at 17-21, 23); Kermit Mills held Domestic Construction, LLC as a joint venture with Ideal Services, Inc. (*Id.* at 29-30); and Kermit Mills conducted the every-day business of Domestic Construction, LLC in conjunction with Ideal Services, Inc. as evidenced by the numerous email communications sent by Kermit Mills (*Id.* at 11, 26, 28; Dkt. 78-2 at 2-10, 19-22, 27). The Court further finds that Ideal Services, Inc. has made a prima facia showing of specific personal jursidiction. Kermit Mills did purposely avail himself with this forum through his employment with Ideal Services, Inc., through Domestic Construction, LLC's partnership with Ideal Services, Inc., and through the alleged misappropriation of payments directed toward Ideal Services, Inc., a Washington State corporation. The Court further finds that the instant claim arises out of or relates to these connections with Washington State and that it is reasonable for this Court to exercise jurisdiction over Kermit Mills. Therefore, Ideal Services, Inc. has made a prima facie showing of personal jurisdiction and as a result, Kermit Mills' motion should be denied.

## ORDER

Therefore, it is **ORDERED** that Fourth-Party Defendant Kermit Mills' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 70) is hereby **DENIED,** Third-Party Defendant/Fourth-Party Plaintiff Ideal Services, Inc.'s Motion to Strike (Dkt. 77) is hereby **DENIED,** and Third-Party Defendant/Fourth-Party Plaintiff Ideal Services, Inc.'s

Motion for Leave to Amend Fourth-Party Complaint Against Kermit Mills (Dkt. 79) is hereby **GRANTED**.

DATED this 9th day of May, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 5